**Charles W. GRANT, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–87–856.**

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1988.

Rehearing Denied Nov. 23, 1988.

Warren H. Crane, Lawton, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Charles W. Grant, was convicted in the District Court of Comanche County, Case No. CRF–86–475, of Driving Under the Influence of an Intoxicating Liquor, Second Offense. He was sentenced to one year of imprisonment, and brings this appeal.

Only one assignment of error is raised on appeal. It relates to the second stage of trial and renders a recitation of the facts unnecessary.

After the jury returned a verdict of guilty at trial, the prosecutor was instructed to proceed. Immediately, he offered a copy of the judgment and sentence from appellant's prior misdemeanor DUI, along with a copy of the docket sheet showing that the judgment was final. Defense counsel responded, "We object to it, Your Honor." The documents were nonetheless admitted, and the State rested. The defense immediately rested, and the jury was recessed for preparation of instructions. At that time, defense counsel moved for directed verdict on the grounds that the prosecutor had failed to read page two of the information. The trial court overruled

the motion, and the cause was submitted to the jury.

Title 22 O.S.1981, § 860 provides:

In all cases in which the defendant is prosecuted for a second or subsequent offense, ..., the procedure *shall* be as follows:

.    .    .    .    .

(b) If the verdict be guilty of the offense charged [in the first stage of trial], that portion of the indictment or information relating to prior offenses *shall* be read to the jury....

(Emphasis added.) At no time was this procedure, which is couched in mandatory language, observed. Thus, it is unavoidably clear that error occurred. However, we note also the language of 22 O.S.1981, § 861, which states:

... [I]t shall be sufficient that a party, at the time the ruling or order of the court has been made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court *with his general grounds therefor.*

(Emphasis added.)

 Further, it is not at all clear that appellant was objecting to the procedural defect. If the objection was to the admission of evidence, we note the language of 12 O.S.1981, § 2104:

A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and:

1. ... a timely objection or motion to strike appears of record, *stating the specific ground of objection....*

(Emphasis added.) Appellant stated no grounds whatsoever for his objection, and we find that the issue has not been properly preserved for review on appeal. We further find that the error complained of does not constitute fundamental error where the jury had a copy of the second page during deliberations, and the court's instructions correctly apprised the jury of the charges and issues involved.

Finding no basis for reversal or modification, the judgment and sentence of the District Court of Comanche County is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

The majority concedes that defense counsel's motion for a directed verdict was based on the fact that the prosecutor failed to read the second page of the Information as mandated by 22 O.S. 1981, § 860(b), but then finds that the issue was not properly preserved for review on appeal with a specific objection. While I disagree with this rationale, the record shows that the trial court quoted the second page of the Information in his instructions to the jury during the second stage. (O.R. 58) I believe this was sufficient to preclude a finding of reversible error here. Thus, I concur in the result reached by the majority.